UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                            Chapter 11

N.P.H.B. RESTAURANT CORP.,                        Case No.16-11668-mew

                              Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK            )
                                  ) ss.:
COUNTY OF NEW YORK      )

        YEHUDA NELKENBAUM affirms as follows:

        1.      I am the Managing Agent of N.P.H.B. Restaurant Corp., (the "Debtor").

        2.      The Debtor is a New York corporation that was formed on or about March 7, 1997. The Debtor was engaged in the business of owning, operating, managing and leasing real property including the property it owned that consists of a fully equipped restaurant with a large parking lot. The property the Debtor owned is known as, and located at 5246 Main Street, St Hway 42, Tax Map ID # 51.-41-18.2, Fallsburg, New York 12779 (the "Property").

        3.      I submit this affirmation in accordance with Local Bankruptcy Rule 1007-2 in support of the petition filed under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Chapter 11 Proceeding was commenced on May 27, 2016 by the filing of an involuntary petition, by creditor Nurit Kaufman ("Petitioner"). The Court entered an order for relief on October 5, 2016.

5. No pre-petition committee was organized prior to the Order for relief.

6. The Secured Creditors of the Debtor are as listed on the filed Schedule D to the Petition, under document "Schedules Filed" "Doc 18" of the Docket.

7. A summary of the Debtor's assets and liabilities is set forth on the summary of schedules filed under document "Schedules Filed" "Doc 18" of the Docket.

8. The names and addresses of the twenty largest unsecured creditors, excluding insiders, is filed under document "Schedules Filed" "Doc 18" of the Docket.

9. All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's Statement of Financial Affairs, filed under document "Schedules Filed" "Doc 18" of the Docket.

10. Almost all of the Debtor's operating revenues were generated from the rent of the leasing out of the Property it owned. A minor portion of the Debtor's revenue was derived from other property it managed and operated.

11. The Property consists of a fully equipped restaurant with a large parking lot.

12. The Debtors financial troubles began in May of 2009, when the Debtor entered into a lease for the Debtors' Property, with a new tenant. For a period of approximately five years, from the time the new tenant moved into the Property until the tenant vacated, the tenant never paid rent.

13. This five year period of the Debtor not receiving rent, threw the Debtor into a domino effect of trouble with paying its bills. In order for the Debtor to be able to pay the Property taxes and other carrying expenses the Debtor had to continuously take new loans to pay the Property carrying costs.

14. At some point the Debtor wasn't able to keep the Property taxes current, whereupon Sullivan County of New York (the "County") began a Tax foreclosure proceeding. In February of 2015 the Debtor entered into an installment payment agreement with the County. The Debtor fell behind on the installment payments, whereupon in February of 2016 the County took deed to the Debtors Property.

15. The emergency Chapter 11 filing was due to the taking of the deed to the Property by the County and the precipitated sale of the Property by the County to a third party, that would adversely affect the Debtor by basically selling the Debtors complete source of income. In order to preserve the Debtors Property, the emergency Chapter 11 case was filed.

16. The Property of the Debtor is in the possession and control of the County.

17. For approximately the last year, the Property has been under the control of the County.

18. Under the protections of Chapter 11, the Debtor hopes to obtain financing or sell the Property to preserve the equity over and above the existing debt. Upon information and belief, the outstanding total monetary amount of unsecured claims is approximately $67,000 (subject to adjustment) and the County is owed a current secured balance of, approximately $33,805 (subject to adjustment) while the Properties has a value of approximately $359,000. Based on these numbers, the Debtor believes a Plan is feasible.

19. The purpose of filing this petition is to preserve the assets of the Debtor for the benefit of the creditors and to preserve priorities of creditors.

20. The estimated operating expense of the Debtor for the next thirty days is: should essentially be limited to professional fees, fees payable to the Office of the United States Trustee and other chapter 11-related expenses.

21. The undersigned is the Managing Agent of the Debtor. I do not receive a salary or any compensation.

22. Because the Property is in the possession of the County, I do not have access to current information and reserve the right to supplement the petition once this information becomes available.

Executed: January 13, 2017

                                         */s/ Yehuda Nelkenbaum*
                                         YEHUDA NELKENBAUM